**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

DEC 28 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ROCIO ENRIQUEZ,<br><br>    Petitioner,<br><br>  v.<br><br> ERIC H. HOLDER Jr., Attorney General,<br><br>    Respondent. | No. 08-72238<br><br>Agency No. A075-301-637<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE and FISHER, Circuit Judges.

   Rocio Enriquez, a native and citizen of Mexico, petitions pro se for review

of an order by the Board of Immigration Appeals denying her motion to reopen

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petitions for review.

Reviewing for abuse of discretion, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we conclude the Board did not abuse its discretion in denying Enriquez's motion to reopen as untimely. *See* 8 C.F.R § 1003.2(c)(2) (setting forth 90-day period for filing motion to reopen). The Board did not abuse its discretion in concluding that any ineffective assistance of counsel that occurred over 10 years ago did not prevent Enriquez from filing a timely motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003) (allowing for the possibility of tolling only if petitioner can establish she acted with due diligence in discovering deception, fraud or error that prevented her from timely filing motion to reopen).

The Board did not abuse its discretion denying Enriquez's motion to reissue its April 6, 2007, order affirming the immigration judge's denial of cancellation of removal, based on the absence of any flaw in issuing the original order that would have prevented Enriquez from timely petition for review. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that 90-day period for filing timely petition for review begins when Board mails final deportation order to correct address, in compliance with its regulations).

To the extent Enriquez challenges the Board's refusal to reopen proceedings sua sponte, we dismiss the petition for lack of jurisdiction. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**